IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MID-WEST CONVEYOR COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>ARCH INSURANCE COMPANY,<br><br>                Defendant.<br><br>Serve: Arch Insurance Company<br>c/o Insurance Commissioner<br>420 SW 9th Street Topeka, Kansas 66612-1678 | Case No. _____ |

**COMPLAINT**

Plaintiff Mid-West Conveyor Company ("Mid-West Conveyor"), by counsel Lathrop Gage LLP, for its Complaint against Defendant Arch Insurance Company ("Arch") states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage action for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing regarding Arch's refusal to defend Mid-West Conveyor in a lawsuit brought by North Alabama Fabricating Company, Inc. ("NAFCO") styled as *NAFCO v. Bedeschi Mid-West Conveyor Company, LLC et al.*, Case No. 2:16-cv-2740 in the United States District Court for the District of Kansas (the "NAFCO Lawsuit"). A copy of the underlying NAFCO Complaint is attached as **Exhibit A**.

2. Arch issued Mid-West Conveyor a claims-made Directors & Officers Liability insurance policy titled "Arch Corporate Canopy Policy Private Company Management Liability & Crime Insurance" bearing policy number PCD 9300378-02, with an initial policy period of

1

December 17, 2015 to December 17, 2016, which was extended through December 17, 2017 (the "Policy").  A copy of the Policy is attached as **Exhibit B**.

3. The Policy provides that Arch will defend and indemnify certain covered liability claims asserted against Mid-West Conveyor, including the claims asserted in the NAFCO Lawsuit.

4. Arch initially denied any coverage obligations, including any obligation to defend Mid-West Conveyor in connection with the NAFCO Lawsuit.  Later, Arch agreed to partially reimburse some of Mid-West Conveyor's defense costs.

5. Arch was obligated to provide a complete defense to Mid-West Conveyor for the NAFCO litigation, and engaged in certain misconduct related to the handling of the claim, as described below.

## PARTIES

6. Mid-West Conveyor is a corporation organized and existing under the laws of the State of Kansas and has its principal place of business at 8245 Nieman Road, Lenexa, Kansas.

7. Upon information and belief, Arch is a corporation organized and existing under the laws of the State of Missouri and has its principal place of business in the State of New Jersey.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Mid-West Conveyor and Arch are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  As of the date of this Complaint, Arch has not paid

2

Mid-West Conveyor any amount for its defense or indemnity costs arising from the NAFCO Lawsuit (approximately $277,500).

9. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Mid-West Conveyor's claims occurred in this District, including Arch's refusal to pay defense and indemnity to Mid-West Conveyor for the NAFCO Lawsuit.

## FACTS COMMON TO ALL COUNTS

10. On October 28, 2016, NAFCO filed the NAFCO Lawsuit bringing allegations against Mid-West Conveyor for, among other things, alleged false statements and misrepresentations concerning the manufacture and shipment of fabricated steel.

11. The NAFCO Complaint was never amended.

12. Mid-West Conveyor notified Arch, provided Arch a copy of the NAFCO Complaint, and demanded defense and indemnity under the Policy no later than November 7, 2017.

13. Under the Policy, Arch agreed to "defend each Claim … for which [Arch] receives notice, even if such Claim is groundless, false or fraudulent." *See* **Exhibit B**, p. 13.

14. A "Claim" under the Policy includes any civil proceeding for a "Wrongful Act" by Mid-West Conveyor, its executives, or its employees. A "Wrongful Act" includes "any actual or alleged [] act, error, omission, misstatement, misleading statement, neglect or breach of duty" by Mid-West Conveyor, its executives, or its employees. *See* **Exhibit B**, p. 22.

15. Mid-West Conveyor has satisfied its obligations under the Arch Policy, including (but not limited to) making full premium payment and providing timely and adequate notice of the NAFCO Lawsuit.

16. Alternatively, Arch has waived any coverage defense it may have based on non-payment of premium or failure to provide timely and adequate notice.

17. Because one or more claims alleged in the NAFCO Lawsuit is at least potentially covered, Arch was required to defend the entire action.

18. Arch is obligated to pay Mid-West Conveyor for all of its un-reimbursed defense expenses in connection with the NAFCO Lawsuit.

19. On or about November 9, 2017, Arch acknowledged the notice of the NAFCO Lawsuit.

20. On or about December 13, 2017, Arch wrongfully denied any coverage obligations to Mid-West Conveyor for the NAFCO Lawsuit.

21. On or about February 16, 2018, Mid-West Conveyor, through counsel, requested that Arch withdraw its coverage denial and accept its coverage obligations.

22. On or about March 16, 2018, Arch reiterated its denial, re-asserting that Arch had no duty to defend, that the Policy would only provide excess coverage for the NAFCO litigation, and contending that coverage was excluded.

23. In continued attempt to obtain the insurance benefits it was owed under the Policy, on or about April 25, 2018, Mid-West Conveyor, through counsel, further explained Arch's coverage obligations under the Policy and again requested that Arch withdraw its coverage denial.

24. Despite no change to the operative pleadings, on May 24, 2018, more than five months after initially denying coverage for the NAFCO Lawsuit, Arch withdrew its denial and agreed to reimburse twenty-two percent (22%) of Mid-West Conveyor's defense costs in the NAFCO Litigation, but only from November 7, 2017 forward.

25. Arch's belated acceptance of coverage nevertheless repudiated any obligation to reimburse defense costs above and beyond 22%, an improper allocation between what Arch deemed to be covered and uncovered claims, purportedly based on an endorsement attached to the Policy, Endorsement 6.

26. The limitations purportedly relied on by Arch in Endorsement 6 do not by their terms apply if Mid-West Conveyor, "tenders the defense of a Claim," which Mid-West Conveyor did.  *See* **Exhibit B**, p. 70.

27. Since Arch's acceptance of certain coverage obligations, Mid-West Conveyor has continued to try to secure the full insurance benefits owed under the Policy, including a complete defense of the NAFCO Lawsuit.

28. Arch has persisted in its deceptive, wrongful, and unreasonable treatment of its insured and the operative Policy language.

29. Arch has failed to pay Mid-West Conveyor any amount for defense of the NAFCO Lawsuit.

30. Arch has failed to pay Mid-West Conveyor any amount for indemnity of the NAFCO Lawsuit.

## COUNT 1

## DECLARATORY JUDGMENT

31. Mid-West Conveyor incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

32. Mid-West Conveyor is entitled to have the Policy interpreted in a reasonable manner that maximizes its insurance coverage and protects Mid-West Conveyor's reasonable expectation of coverage.

33. Mid-West Conveyor asserts and believes that under the Policy, Arch has a duty to defend and indemnify Mid-West Conveyor with respect to the NAFCO Lawsuit.

34. Mid-West Conveyor believes, and on that basis asserts, that Arch denies it has any duty to defend, to reimburse any costs or fees incurred prior to November 7, 2017 (the "Pre-Tender Costs"), or to contribute more than 22% of defense costs incurred after November 7, 2017 and settlement of the NAFCO Lawsuit.

35. By reason of the foregoing, an actual and justiciable controversy exists between Mid-West Conveyor and Arch regarding Arch's coverage obligations under the Policy.

36. Mid-West Conveyor thus seeks a judicial declaration by this Court of Arch's obligation to defend and indemnify Mid-West Conveyor in the NAFCO Lawsuit and pay all un-reimbursed defense fees and costs and costs of settlement incurred and to be incurred therein by Mid-West Conveyor. For the foregoing reasons, such a judicial declaration is necessary and appropriate.

## COUNT 2

### BREACH OF CONTRACT—REFUSAL TO DEFEND OR PAY BEFORE MAY 24, 2018

37. Mid-West Conveyor incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

38. Mid-West Conveyor has incurred, or will incur in the future, damages arising out of Arch's denial of coverage for the NAFCO Lawsuit prior to May 24, 2018.

39. Arch, in bad faith and consistent with its routine business practices, breached its duties and obligations under the Policy by denying any coverage obligations before May 24, 2018. Specifically, Arch:

    (a)    Failed to properly or timely investigate Mid-West Conveyor's coverage claims;

    (b)    Refused to accord a reasonable interpretation to the provisions in the Policy, and refused to accord any reasonable application of such provisions to Mid-West Conveyor's coverage claims;

    (c)    Failed to provide Mid-West Conveyor with an adequate and timely explanation for the true basis of its initial denial of coverage, as evidenced by Arch's subsequent acceptance of its coverage obligations more than five months after its denial, despite the NAFCO Complaint remaining unchanged;

    (d)    Refused to acknowledge its coverage obligations to Mid-West Conveyor in the NAFCO Lawsuit before May 24, 2018 based upon the allegations in the NAFCO Complaint; and

    (e)    Impeded and obstructed Mid-West Conveyor's ability to defend itself in the NAFCO Lawsuit by withholding benefits and wrongfully repudiating its obligations.

40.     For each of the reasons enumerated in paragraph 39, Arch has rejected and/or repudiated and breached its duty to defend or pay Mid-West Conveyor.

41.     Arch's refusal to defend Mid-West Conveyor in the NAFCO Lawsuit prior to May 24, 2018 was arbitrary and capricious, as the allegations set forth in the NAFCO Complaint gave rise to a potential for coverage under the Policy, triggering Arch's duty to defend or to pay.

42.     As a direct and proximate result of these breaches, Arch is liable to Mid-West Conveyor for damages in excess of $75,000 for all costs and fees incurred by Mid-West Conveyor in defense of the NAFCO Lawsuit for which Mid-West Conveyor has not previously

been paid, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees and costs, based in part on K.S.A. § 40-256, pre-judgment and post-judgment interest, other consequential damages, punitive damages in such sum as the fact finder determines to be fair and reasonable under the circumstances and which will serve to punish Arch and deter it from similar conduct in the future, and any such other relief that the Court deems just and proper.

## COUNT 3
### BREACH OF CONTRACT—BREACH OF THE DUTY TO DEFEND

43. Mid-West Conveyor incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

44. Under the Policy, Arch agreed to defend Mid-West Conveyor against certain potentially covered claims, including those asserted in the NAFCO Lawsuit.

45. Arch denied its duty to defend the NAFCO Lawsuit and has instead imposed an unwarranted allocation formula under which Mid-West Conveyor must provide its own defense and under which Arch only reimburses 22% of the incurred costs. Such allocation formula is not set forth in the Policy.

46. Mid-West Conveyor has incurred, and will incur in the future, damages arising out of Arch's refusal to defend Mid-West Conveyor in the NAFCO Lawsuit.

47. Arch has, in bad faith and consistent with its routine business practices, breached its duties and obligations under the Policy by refusing to defend Mid-West Conveyor in the NAFCO Lawsuit. Specifically, Arch has:

    (a) Failed to fairly or timely investigate Mid-West Conveyor's coverage claims;

 (b) Refused to accord any reasonable interpretation to the provisions in the Policy, and refused to accord any reasonable application of such provisions to Mid-West Conveyor's coverage claims;

 (c) Failed to provide Mid-West Conveyor with an adequate and timely explanation for the true basis of its initial denial of coverage, as evidenced by Arch's subsequent acceptance of its coverage obligations more than five months after its denial despite the NAFCO Complaint remaining unchanged;

 (d) Sought to require allocation of defense costs not set forth in the Policy, and sought to impose an unreasonably low rate of reimbursement even if allocation were permitted, impeding Mid-West Conveyor's ability to defend itself in the NAFCO Lawsuit; and

 (e) Refused to pay Mid-West Conveyor all otherwise unreimbursed amounts incurred by Mid-West Conveyor in defense of the NAFCO Lawsuit.

48. For each of the reasons enumerated in paragraph 47 Arch has rejected and/or repudiated and breached its duty to defend Mid-West Conveyor.

49. In denying its duty to defend and imposing an unwarranted and unreasonable allocation scheme, Arch has refused to perform its coverage obligations under the Policy, and therefore is in breach of its contract of insurance.

50. As a direct and proximate result of these breaches, Arch is liable to Mid-West Conveyor for damages in an amount yet to be ascertained for all unreimbursed costs of defense and other sums incurred by Mid-West Conveyor, or which may be incurred, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees and costs, based in part on K.S.A. § 40-256, pre-judgment and post-judgment interest, other

consequential damages, punitive damages in such sum as the fact finder determines to be fair and reasonable under the circumstances and which will serve to punish Arch and deter it from similar conduct in the future, and any such other relief that the Court deems just and proper.

## COUNT 4

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51. Mid-West Conveyor incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as it they were set out fully herein.

52. Arch owes to Mid-West Conveyor a fiduciary obligation and a duty of good faith and fair dealing and has breached this duty, including but not limited to engaging in the following acts:

(a) Unreasonably failing or refusing to accept coverage for the NAFCO Lawsuit;

(b) Failing to investigate Mid-West Conveyor's coverage claims fairly or in a timely manner;

(c) Failing to consider all relevant information in its possession to establish coverage for the NAFCO Lawsuit;

(d) Failing to promptly or properly communicate with Mid-West Conveyor with regard to coverage for the NAFCO Lawsuit and Mid-West Conveyor's rights under the Policy;

(e) Interpreting its Policy provisions in an unreasonable and unfair manner to minimize Arch's liability without regard for the rights and interests of Mid-West Conveyor;

(f) Refusing to accord any reasonable interpretation to the provisions in Policy, and refusing to accord any reasonable application of such provisions to Mid-West Conveyor's coverage claims;

(g) Failing to provide Mid-West Conveyor with an adequate and timely explanation for the true basis of its initial denial of coverage, as evidenced by Arch's subsequent acceptance of its coverage obligations more than five months after its denial despite the NAFCO Complaint remaining unchanged;

(h) Refusing to acknowledge its coverage obligations to Mid-West Conveyor in the NAFCO Lawsuit before May 24, 2018 based upon the allegations in the NAFCO Complaint; and

(i) Failing to pay or authorizing payment for a settlement demand made in the NAFCO Lawsuit within the limits of coverage.

53. Arch's above-described actions and omissions with regard to the subject claim constitute a breach of its duty of good faith and fair dealing owed to its insured.

54. As a direct consequence of Arch's breach of its duty of good faith and fair dealing, Mid-West Conveyor has incurred damages and substantial attorneys' fees and costs.

55. As a direct and proximate result of Arch's breach of its duty of good faith and fair dealing, Arch is liable to Mid-West Conveyor for damages in an amount yet to be ascertained for all costs of defense and other sums incurred to date by Mid-West Conveyor, or which may be incurred, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees and costs, based in part on K.S.A. § 40-256, pre-judgment and post-judgment interest, other consequential damages, punitive damages in such sum as the fact finder determines to be fair and reasonable under the circumstances and which

will serve to punish Arch and deter it from similar conduct in the future, and any such other relief that the Court deems just and proper.

## PRAYER FOR RELIEF AGAINST ARCH

WHEREFORE, Plaintiff Mid-West Conveyor prays for a judgment in its favor and against Defendant Arch Insurance Company as follows:

(a) Payment in excess of $75,000 for outstanding defense fees and costs incurred in the NAFCO Lawsuit;

(b) Pre-judgment and post-judgment interest based upon and added to the damages as allowed by law;

(c) Attorneys' fees and costs associated with this action, based in part on K.S.A. § 40-256;

(d) Other consequential damages, if applicable;

(e) Punitive damages in such sum as the fact finder determines to be fair and reasonable under the circumstances and that will serve to punish Arch and deter it from similar conduct in the future;

(f) A declaration that Arch is obligated to reimburse Mid-West Conveyor for the Pre-Tender Costs;

(g) A declaration that Arch was obligated to defend Mid-West Conveyor under the Policy with respect to the NAFCO Lawsuit; and

(h) Such other and further relief to which Mid-West Conveyor may be entitled or as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Mid-West Conveyor, by its counsel, hereby respectfully request a trial by jury on all issues so triable.

## **PLACE FOR JURY TRIAL**

Pursuant to D. Kan. R. 40.2(a), Mid-West Conveyor designates Kansas City, Kansas as the place of trial for this matter.


Dated:  November 15, 2018	Respectfully submitted,

		LATHROP GAGE LLP


	By:	*/s/ Brian Fields*
		Brian W. Fields, KS #18356
		bfields@lathropgage.com
		Kimberly K. Winter, KS #17912
		kwinter@lathropgage.com
		2345 Grand Boulevard, Suite 2200
		Kansas City, Missouri 64108-2618
		Telephone: (816) 292-2000
		Telecopier: (816) 292-2001

		ATTORNEYS FOR PLAINTIFF
		MID-WEST CONVEYOR COMPANY

30352008v.4